UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VINCODE, INC., et al.,<br><br>Defendants. | Case No: 2:18-cv-09161-AB (MRWx)<br><br>**[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANTS VINCODE, INC. AND SIARHEI KOZEL AND DISMISSAL OF ENTIRE ACTION**<br><br>**Judge**: Hon. André Birotte Jr. |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction and Dismissal of Entire Action by and between Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively "Plaintiffs"), and Defendants Vincode, Inc. and Siarhei Kozel (collectively "Defendants") filed concurrently herewith, hereby ORDERS, ADJUDICATES, and DECREES that a permanent injunction shall be and hereby is entered against Defendants in the above-referenced matter as follows:

1. **PERMANENT INJUNCTION.** Defendants are hereby restrained and enjoined, pursuant to 15 United States Code ("U.S.C.") § 1116(a), from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

    i. copying, manufacturing, importing, exporting, purchasing, marketing, advertising for sale, offering for sale, selling, distributing or otherwise dealing in any product or service that uses, or otherwise makes any unauthorized use of, any of BMW's trademarks, including but not limited to the **BMW**® (U.S.P.T.O. Reg. Nos. 0,611,710; 0,613,465; 1,450,212; 2,816,178; 4,293,991; 5,333,863; 5,333,865; 5,333,899; 5,333,900), **M**® (U.S.P.T.O. Reg. Nos. 1,438,545; 3,526,899; 3,767,662; 3,767,663), **X5 M**® (U.S.P.T.O. Reg. No. 3,635,625), **BMW M**® (U.S.P.T.O. Reg. No. 4,541,350), **M POWER**® (U.S.P.T.O. Reg. No. 4,729,767)(collectively "BMW Trademarks"), and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any BMW Trademarks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

    ii. advertising or displaying images and/or photographs of non-genuine BMW products using BMW Trademarks;

    iii. using BMW Trademarks, including but not limited to the BMW®, M®, X5 M®, BMW M® and/or M POWER® trademarks in advertising to suggest that non-genuine BMW products being advertised are sponsored by, endorsed by, or are otherwise affiliated with BMW and/or advertising non-genuine BMW automotive parts using descriptions that imply that the products are genuine BMW products. Defendants may, however, use "BMW" or other BMW

wordmarks to advertise non-BMW products for sale with fair use descriptions such as 'for BMW automobiles' or 'fits BMW model _____,' or similar language, provided that "BMW" or any other BMW wordmarks that are used are in the identical font, format, size, and color as, and no more prominently displayed than the surrounding text. In no event may any BMW, M, X5 M, BMW M and/or M POWER logo, design mark, or other graphical BMW Trademarks be used by Defendants under this exception;

        iv.    performing or allowing others employed by Defendants or under Defendants' control, to perform any act or thing which is likely to injure Plaintiffs, any BMW Trademarks, and/or BMW's business reputation or goodwill.

        v.    engaging in any acts of trademark infringement, false designation of origin, dilution, unfair business practices under California law, or other act which would tend damage or injure Plaintiffs; and/or

        vi.    using any Internet domain name, URL or online seller name/ID that includes any BMW Trademarks.

2. Defendants are ordered to deliver to Plaintiffs immediately for destruction all infringing products bearing counterfeit BMW Trademarks to the extent that any of these items are in Defendants' possession, custody, or control.

3. This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

4. The Court finds there is no just reason for delay in entering this Permanent Injunction against Defendants, and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Permanent Injunction against Defendants.

5. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction against Defendants, and Plaintiffs and Defendants waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this

Permanent Injunction by Defendants.

6. **NO FEES AND COSTS.** Plaintiffs and Defendants shall bear their own attorneys' fees and costs incurred in this matter.

7. **DISMISSAL.** Upon entry of this Permanent Injunction against Defendants, the case shall be dismissed in its entirety based upon the parties' stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

IT IS SO ORDERED, ADJUDICATED, and DECREED this 18th day of June, 2019.

_____
HON. ANDRÉ BIROTTE JR.
U.S. District Judge
Central District of California